Leeds Disston, Esq. SBN 045016
CASALINA & DISSTON
409 13th Street, 9th Floor
Oakland, CA 94612
(510) 835-8110 Telephone
(510) 835-8113 Facsimile
casdiss@yahoo.com
Attorney for Plaintiff debtor SIMON THAI MING CHIU

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In re: SIMON THAI MING CHIU,

Debtor.

SIMON THAI MING CHIU,

    Plaintiff,

v.

CHARLES LI,

    Defendant.

Bankruptcy Case No.: 22-30405 HLB
Chapter 13 Trustee: David Burchard

AP #: 22-03114

PLAINTIFF'S OPPOSITION TO CREDITOR
CHARLES LI'S MOTION
TO DISMISS DEBTOR'S
ADVERSARY PROCEEDING
PURSUANT TO F.R.C.P. 12(b)(6)

Date: February 16, 2023
Time: 2:00 p.m.
Judge: Hon. Hannah L. Blumenstiel
Place: 450 Golden Gate Avenue
San Francisco, CA 94102
Courtroom: 19

Defendant CHARLES LI's motion to dismiss should be denied. This AP should be decided on the merits because the complaint has stated a claim posing a legal challenge to defendant's claim, there is no res judicata barring the claim, and a legal challenge may be brought at any time in any forum on a judgment void on its face for lack of personal or subject matter jurisdiction or *the granting of relief which the court has no power to grant*. The following are the substantive allegations in the complaint which also addressed each of the points raised above:

BACKGROUND

- 1 -

1. On 10/18/22, defendant creditor Charles Li (Li) filed Claim #4 in the claim amount of $479,604.76. This claim arises from a money judgment in the amount of $324,167.58 entered in San Francisco Superior Court Case No. CGC-14-537574, *Li v. Chiu et al.* (the "UVTA action"). The complaint in the UVTA action, filed in February 2014, was entitled "Complaint to Set Aside Fraudulent Transfers," which asserted causes of action under the Uniform Voidable Transaction Act (UVTA) against Chiu and other transferee defendants. On December 22, 2016, Li recorded an Abstract of Judgment in the Judgment amount of $324,167.58 in the San Francisco Recorder's Office as Doc. no. 2016-K379126 against plaintiff debtor Simon Thai Ming Chiu (Chiu)'s property, commonly known as 768 38th Ave, San Francisco, CA 94121.

2. The real property at issue in the UVTA action is a property at 547 23rd Avenue in San Francisco (hereafter, the "Subject Property"). The UVTA action alleged that Demas Yan (Yan), a judgment debtor to Li, had transferred the Subject Property to a wholly owned limited liability company, 547 23rd Avenue LLC, in 2007, and in 2012, transferred his ownership interest in the LLC to Chiu and others. Chiu received 25.83 percent interest in the LLC. In November 2013, the Subject Property was transferred to 547 Investments LLC with Chiu retaining the same membership interest in the LLC.

3. Trial in the UVTA matter commenced on April 4, 2016. On 2016-06-24, judgment was entered after trial declaring the transfers void, and setting aside all of the voidable transfers. But in addition to setting aside the transfers, the judgment also awarded money judgments against each transferee based on the percentage interests in the LLC held by each transferee. A money judgment of $324,167.58 was entered against Chiu. The first amended judgment was entered on December 21, 2016 adding attorney's fees of $802,059.50 against Yan and all transferee defendants, jointly and severally.

4. On September 26, 2016, appeal was taken from the First Amended Judgment to the Court of Appeal [Case no. A149849 (Cal. Ct. App. May. 31, 2018) 2018 Cal.App.Unpub. Lexis 3822]. The Court of Appeal reversed the attorney's fees as to the transferees and remanded to the trial court for further proceedings. After remand, the trial court entered a Second Amended Judgment on November 16, 2018, setting aside the attorney's fees of $802,059.50 as to the transferee defendants, but leaving the money judgments against Chiu and the other transferee defendants intact.

5. On December 20, 2018, the defendants in the UVTA action filed a motion to set aside or modify the Second Amended Judgment. On February 6, 2019, the trial court entered an order denying the motion. On February 14, 2019, defendants in the UVTA action appealed the order denying the motion to set aside or modify the Second Amended Judgment.[1] (Court of Appeal, Case no. A156760.) On December 22, 2020, the Court of Appeal affirmed the Second Amended Judgment in an unpublished opinion[2] (A156760 (Cal. Ct. App. Dec. 22, 2020)).

THE MONEY JUDGMENT IS VOID AND UNENFORCEABLE

6. The issue of whether a judgment is void on its face is a question of law. (*Calvert v Al Binali* (2018) 29 Cal.App.5th 954, 961). When interpreting state law, a federal court is bound by the decision of the highest state court. *Dimidowich v. Bell Howell*, 803 F.2d 1473, 1482 (9th Cir. 1986), reh'g denied, op. modified, 810 F.2d 1517 (9th Cir. 1987). In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. *Id.* at 1482.

7. Under California law, a judgment is void to the extent it grants relief that a judge has no authority to grant. (See *Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013; *Talley v Valuation Counselors Group, Inc.* (2010) 191 CA4th 132; *311 South Spring Street Co. v Department of Gen. Servs.* (2009) 178 CA4th 1009; *Thompson Pacific Construction, Inc. v. City of Sunnyvale* (2007) 155 Cal.App.4th 525; *Selma Auto Mall II v Appellate Dep't* (1996) 44 CA4th 1672.) Such a judgment may be considered void for lack of jurisdiction notwithstanding the court's jurisdiction over the parties and the subject matter. *Carlson v Eassa* (1997) 54 CA4th 684, 691–692, 696. The California Supreme Court in *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489 has enunciated the bright-line rule that collateral attack is proper to contest a judgment void on

---

[1] "The transferee defendants' motion, made pursuant to Code of Civil Procedure section 473, subdivision (d), argued that the money judgment against the transferee defendants are void because they grant double recovery by (1) setting aside the transferred asset and permitting Li to seize and levy upon the asset and (2) entering money judgments against the transferee defendants." (A156760 (Cal. Ct. App. Dec. 22, 2020), at p. 7.)

[2] The opinion stated that "Because we find the judgment is not void on its face, and therefore affirm the trial court's denial of the defendants' motion to set aside the judgment as void, we need not address the merits of the transferee defendants' collateral attack on the judgment." (Opinion, A149849 at p. 9, fn. 3.)

- 3 -

its face for lack of personal or subject matter jurisdiction or *the granting of relief which the court has no power to grant.* A judgment void for excess of jurisdiction because of the "grant of relief to one of the parties which the law declares shall not be granted," is distinguished from a judgment in which the relief granted is simply in excess of the amount to which a party is otherwise entitled under the law applicable to his cause of action. (*Jones v. World Life Research Institute* (1976) 60 Cal.App.3d 836, 847.)

8. A judge must set aside any judgment that the judge finds is void, in accord with well-established case law holding that once it is shown that a judgment is void, the judgment is ineffective, unenforceable, and a nullity for all purposes. See *Calvert v Al Binali* (2018) 29 CA5th 954, 961; *County of San Diego v Gorham* (2010) 186 CA4th 1215, 1226; *Rochin v Pat Johnson Mfg. Co.* (1998) 67 CA4th 1228, 1238–1239 (void judgment is "of no effect … is a nullity and may be ignored").

9. The doctrine of res judicata has no application as to a void judgment. A judge may set aside a void judgment, even pending appeal or after affirmance. *Andrisani v Saugus Colony Ltd.* (1992) 8 CA4th 517, 523–524 (setting aside void judgment renders appeal moot and subject to dismissal); *Security Pac. Nat'l Bank v Lyon* (1980) 105 CA3d Supp 8, 13 (appeal does not divest judge of power to vacate void judgment; affirmance of void judgment is itself void). Void order may be set aside by judge other than judge who made it. *Andrisani v Saugus Colony Ltd., supra,* 8 CA4th at 523.

10. Even though the court in A156760 (Cal. Ct. App. Dec. 22, 2020; unpub. opn.) affirmed the Second Amended Judgment in the UVTA action, that unpublished opinion has no res judicata effect because the court merely decided that a judgment cannot be void when there is fundamental jurisdiction, i.e. personal and subject matter jurisdiction. The court stated in its opinion that it did not address the merits of the collateral attack against the money judgment (A156760 at p. 9, fn. 3). Since the court did not decide whether the money judgment was beyond that authorized by the UVTA, there is no estoppel as to this issue. (See *Stout v. Pearson* (1960) 180 Cal. App. 2d 211, 216 [In order that a judgment in one action may constitute an estoppel against the parties thereto in a subsequent action, it must be made to appear, either upon the face of the record or by extrinsic evidence, that the identical questions involved in the issues to be tried were determined in the former action. (Quoting *Beronio v. Ventura County Lumber Co.* (1900) 129 Cal. 232, 236].) The court's opinion in A149849,

- 4 -

that a judgment cannot be void when there is fundamental jurisdiction, contravenes with the California Supreme Court decision in *Becker v. S.P.V. Construction Co., supra,* 27 Cal.3d 489, that collateral attack is proper to contest a judgment void on its face for lack of personal or subject matter jurisdiction or *the granting of relief which the court has no power to grant.*

11. The UVTA is remedial legislation. The primary remedy is to void the conveyance to return the parties to the status quo prior to the transfer. (See *Renda v. Nevarez* (2014) 223 Cal.App.4th 1231, 1238-39 [Defrauded creditor is not entitled to an enhancement of position beyond what it was before the fraud. The exigencies of any particular case may vary the form of the relief but it always must be limited to the substance of the remedy itself which is to place the judgment creditor in the same or similar position he held with respect to the fraudulent transferor prior to the fraudulent conveyance.])

12. Civil Code section 3439.07 sets forth the relief that a creditor may obtain under the UVTA. Subject to the limits contained in Civil Code section 3439.08, a creditor may obtain "[a]voidance of the transfer ... to the extent necessary to satisfy the creditor's claim." (Civ.Code, § 3439.07, subd. (a)(1).) Where a creditor has obtained a judgment against a transferor-debtor, "the creditor may levy execution on the asset transferred or its proceeds." (Civ.Code, § 3439.07, subd. (c).) Subdivision (b) of Civil Code section 3439.08 addresses judgments that a creditor may obtain against a transferee: "Except as otherwise provided in this section, to the extent a transfer is voidable in an action by a creditor under paragraph (1) of subdivision (a) of Section 3439.07, the creditor may recover judgment for the value of the asset transferred, as adjusted under subdivision (c), or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against the ... [¶] ... first transferee of the asset...." Subdivision (c) of Civil Code section 3439.08 provides that "[i]f the judgment under subdivision (b) is based upon the value of the asset transferred, the judgment shall be for an amount equal to the value of the asset at the time of the transfer, subject to adjustment as the equities may require."

13. Section 3439.08, subdivision (b) is derived from Section 550(a) of the Bankruptcy Code. (*See* UVTA Official Comments, UVTA §8, cmt. 2 (2014).) Because Civ. Code § 3439.08 subd. (b) is derived from Section 550(a) of the Bankruptcy Code, cases construing the Bankruptcy Code counterparts are persuasive authority due to the similarity of the laws in this area. (*In re Lucas Dallas, Inc.* (B.A.P. 9th Cir. 1995) 185 Bankr. Rptr. 801, 810.) Cases

- 5 -

decided under Section 550(a) of the Bankruptcy Code held that a money judgment is not permitted unless a transfer cannot be avoided. The purpose of Bankruptcy Code § 550 is "to restore the estate to the financial condition it would have enjoyed if the transfer had not occurred." (*In re Acequia* (9th Cir. 1994) 34 F.3d 800, 812.)

14. The Official Comments to the UVTA also affirms that a money judgment is allowed only where the voiding of the transfer is inadequate or unavailable as a remedy. The Official Comment provides an example of when a creditor has a right to a money judgment under § 3439.08 subd. (b): "For example, suppose that X transfers property to Y in a transfer voidable under this Act, and that Y later transfers the property to Z, who is a good-faith transferee for value. In general, C-1, a creditor of X, would have the right to a money judgment against Y pursuant to § 8(b), but C-1 could not recover under this Act from Z, who would be protected by § 8(b)(1)(ii)(A)." (*See* UVTA §8, cmt. 2 (2014).)

15. The UVTA allows a creditor to levy execution on the fraudulently transferred assets or obtain a money judgment subject to the limitations imposed by Civil Code section 3439.08. Either remedy puts the creditor in essentially the same position that he or she would have occupied had there been no fraudulent transfer. The UVTA does not authorize a creditor to invoke both remedies.

16. In the underlying UVTA action, the complaint, entitled "Complaint to Set Aside Fraudulent Transfers", contained three causes of action based on the UVTA. The First Cause of Action is entitled "Fraudulent Transfer of the Property by Defendant Demas Yan to Defendant 547 23rd Avenue, LLC"; the Second Cause of Action, "Fraudulent Transfer of the LLC Interest by Defendant Demas Yan to Defendants Kaman Liu, Thai Ming Chiu, and Tina Yan"; and the Third Cause of Action, "Fraudulent Transfer of the Property by Defendant 547 23rd Avenue, LLC to Defendant 547 Investments LLC." Each of the three causes of action sought relief pursuant to Civ. Code § 3439.07.

17. The Second Amended Judgment in the UVTA action declared the transfers void and granted relief under Civil Code § 3439.07 subd. (a)(1) for avoidance of conveyances. By declaring the transfers void and setting them aside, the remedial purpose of the UVTA had been accomplished. The UVTA does not authorize a money judgment in such a situation. The money judgments against the transferee defendants and in particular the judgment of $324,167.58 against Chiu constitute relief not authorized under the UVTA. A judgment

- 6 -

void for excess of jurisdiction because of the "grant of relief to one of the parties which the law declares shall not be granted," is distinguished from a judgment in which the relief granted is simply in excess of the amount to which a party is otherwise entitled under the law applicable to his cause of action. (*Jones v. World Life Research Institute* (1976) 60 Cal.App.3d 836, 847; see also *Selma Auto Mall II v. Appellate Department* (1996) 44 Cal.App.4th 1672, 1683 ["When a court grants relief which it has no authority to grant, its judgment is to that extent void."])  Hence, the money judgments in the underlying UVTA action are void.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss should be denied.

Dated: 2/2/2023
By: /s/Leeds Disston, Esq.

# BANKRUPTCY COURT

NAME: In Re: Simon Theis Maiy Chiu
Chiu v Li

CASE NUMBER: AP 22-03114