**Entered on Docket**
**February 08, 2023**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA




**Signed and Filed: February 8, 2023**

**HANNAH L. BLUMENSTIEL**
**U.S. Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>THAI MING CHIU,<br><br>Debtor. | Case No. 22-30405 HLB<br><br>Chapter 13 |
| SIMON THAI MING CHIU,<br><br>Plaintiff,<br>v.<br><br>CHARLES LI,<br><br>Defendant. | Adv. Proc. No. 22-3114 HLB |

**TENTATIVE RULING ON CHARLES LI'S MOTION TO DISMISS**

This adversary proceeding is scheduled to come before the court on February 16, 2023 for a hearing on Defendant Charles Li's motion to dismiss.[1] Plaintiff/Debtor Thai Ming Chiu opposed the Motion.[2] The court has no need for a reply. For the reasons that follow, the court is inclined to **GRANT** the Motion and to **DISMISS** this action **WITH PREJUDICE**.

---

[1] Dkt. 9 (the "Motion").

[2] Dkt. 11 (the "Opposition").



Case: 22-03114 Doc# 12 Filed: 02/08/23 Entered: 02/08/23 16:34:28 Page 1 of 20

**A. Introduction**

Plaintiff Chiu's complaint[3] seeks a judgment declaring void a judgment entered in Defendant Li's favor by the San Francisco Superior Court on November 16, 2018,[4] as well as the judgment lien arising from an abstract of judgment recorded by Mr. Li on or about November 26, 2018.[5] Mr. Chiu has expressly consented to entry of final orders and judgment by this court.[6] By filing the Motion, which seeks dismissal of this action with prejudice, Defendant Li has implicitly consented to entry of final orders and judgment by this court.

Notwithstanding the parties' consent, the court is inclined to find that it lacks subject matter jurisdiction over this action, based on the Rooker-Feldman doctrine. Alternatively, the court is inclined to find and conclude that the doctrine of issue preclusion bars relitigation of the propriety of the Second Amended Judgment in this action.

**B. Statement of Facts**

The parties do not dispute the following facts, which this court paraphrases from three decisions issued by the California Court of Appeals for the First Appellate District, Division 3.[7]

---

[3] Dkt. 1 (the "Complaint").

[4] Dkt. 9-2 (Declaration of Duy Thai in Support of Motion; the "Thai Decl."), **Ex. B** (the "Second Amended Judgment").

[5] Dkt. 9-2 (Thai Decl.), **Ex. C**.

[6] Dkt. 1 (Complaint), ¶ 4.

[7] Dkt. 9-2 (Thai Decl.), **Ex. A** (May 31, 2018 decision issued in Li v. Chiu, Case No. A149849; the "May 31, 2018 Decision"); **Ex. D** (Dec. 22, 2020 decision issued in Li v. Chiu, Case No. A156760; the "Dec. 22, 2020 Decision"); **and Ex. E** (August 1, 2022 decision issued in Li v. Chiu, Case No. A163866; the "Aug. 1, 2022 Decision").

In 2010, Mr. Li sued Mr. Demas Yan (a disbarred attorney and Plaintiff Chiu's brother-in-law) in San Francisco Superior Court[8] (the "State Court") for professional negligence arising from Mr. Yan's representation of Mr. Li in several lawsuits involving rights to certain real property. Following a bench trial conducted in 2012, the state court entered judgment in Mr. Li's favor in the approximate amount of $1.0 million. That judgment now totals approximately $1,498,422.01 (the "Negligence Judgment").[9] To the best of this court's knowledge, none of it has been paid.

In attempting to collect the Negligence Judgment, Mr. Li discovered that Mr. Yan had transferred a significant asset – real property located at 547 23rd Avenue, San Francisco, California (the "Property") – to relatives, including Mr. Chiu, and later, to two limited liability companies in which Mr. Yan's relatives, including Mr. Chiu, held membership interests. This led Mr. Li to file a new action in the State Court aimed at avoiding those fraudulent transfers.[10] Defendants in the Fraudulent Transfer Action included, among others, Mr. Chiu, Tina Yan (Mr. Yan's mother), and the two LLCs.

The Fraudulent Transfer action proceeded to trial, and the jury found each defendant liable for actual and constructive fraud. As to Mr. Chiu, the State Court entered a monetary

---

[8] Li v. Yan, Case No. CGC-10-497990 (San Francisco Sup. Ct.).

[9] Dkt. 9-2 (Thai Decl.), ¶ 4.

[10] Li v. Chiu, Case No. CGC-14-537574 (San Francisco Sup. Ct.) (the "Fraudulent Transfer Action").


Case: 22-03114 Doc# 12 Filed: 02/08/23 Entered: 02/08/23 16:34:28 Page 3 of 20

judgment in the amount of $324,167.58. It also declared Mr. Yan the sole owner of all legal and equitable interests in the Property, avoiding his various fraudulent transfers of interests in the Property. After granting Mr. Li's request for an award of attorneys' fees and costs, the State Court amended its judgment to include an award of attorneys' fees totaling $802,059.50 jointly and severally against all defendants, including Mr. Chiu.

On appeal, the Court of Appeals directed the State Court to "enter a new amended judgment providing that the attorney fee award is to be imposed solely against defendant Demas Yan."[11] In all other respects, the Court of Appeals affirmed the judgment entered in the Fraudulent Transfer Action.

On November 16, 2018, the State Court entered the Second Amended Judgment. Among other things, the Second Amended Judgment included a monetary judgment against Mr. Chiu in the amount of $324,167.58.

Beyond its imposition of a monetary judgment against Mr. Chiu, the Second Amended Judgment contained several other provisions pertinent to this action. First, it avoided all relevant transfers of interests in the Property and all relevant transfers of interests in the LLCs to which the Property was conveyed and declared Mr. Yan the "sole owner of all legal and equitable title or interest" in the Property. Next, it expressly permitted Mr. Li to "execute or foreclose on the [Property] to satisfy the [Negligence Judgment] along with the costs and attorneys' fees specified in this Judgment." And finally, it

[11] Dec. 22, 2020 Decision (Dkt. 9-2 (Thai Decl.), **Ex. D**).

authorized Mr. Li to "seize, execute on, or foreclose on any real or personal property of any defendant provided that recovery against any defendant shall not exceed the money judgment amount entered above against that specific defendant, and further provided that [Mr. Li's] aggregate recovery shall not exceed [the Negligence Judgment]."

Following entry of the Second Amended Judgment, Mr. Chiu (along with other defendants) filed a motion to set aside and/or modify the first judgment and the Second Amended Judgment, arguing that they were void because they granted Mr. Li double recovery by both **(a)** setting aside the numerous fraudulent transfers and permitting Mr. Li to seize and levy upon the Property; **and (b)** awarding Mr. Li a monetary judgment. The State Court entered an order denying the motion to set aside and/or modify the judgments. Mr. Chiu and other defendants appealed that order.

In May 2019, the State Court also issued orders requiring the sale of defendants' dwellings to satisfy the Second Amended Judgment.[12] Defendants appealed those orders, insisting the orders were void because the Second Amended Judgment granted relief unauthorized under the UVTA. The Court of Appeals affirmed the sale orders.[13]

On appeal from the order denying their motion to set aside and/or modify the judgments, Mr. Chiu and his fellow appellants

[12] Dkt. 9-2 (Thai Decl.), **Ex. F** (May 17, 2019 decision in Li v. Chiu, Case No. CGC-14-437574).

[13] Dkt. 9-2 (Thai Decl.), **Ex. P** (December 22, 2020 decision in Li v. Chiu, Case No. A158050).



Case: 22-03114 Doc# 12 Filed: 02/08/23 Entered: 02/08/23 16:34:28 Page 5 of 20

argued that the Second Amended Judgment was "facially void because it grants relief beyond what is authorized by the Uniform Voidable Transactions Act (UVTA) (Civ. Code, § 3439 et seq.).[14] Specifically, they argue the [Second Amended Judgment] provides 'dual remedies' because it both sets aside the fraudulent transfer and awards a money judgment. They assert the [State Court] acted in excess of its authority under the UVTA."[15]

The Court of Appeals rejected these arguments and affirmed.[16] The Court of Appeals found that the transferee defendants, including Mr. Chiu, forfeited their "dual remedies" argument by failing to raise it in their prior appeal. The Court of Appeals also found that the Second Amended Judgment was not facially void, and that the transferee defendants failed to provide an adequate record for review.

In finding the Second Amended Judgment not facially void, and relying on People v. Amer. Contractors Indem. Co., 33 Cal. 4th 653 (2004), the Court of Appeals explained that two types of jurisdictional errors can render a judgment void. First, a court can lack jurisdiction in its "most fundamental or strict sense," meaning that it lacks the power to hear or determine the case and therefore lacks authority over the subject matter or the parties. Second, a lack of jurisdiction can exist where, even though the court possesses personal and subject matter jurisdiction, the

---

[14] The "UVTA".

[15] Dec. 22, 2020 Decision (Dkt. 9-2 (Thai Decl.), **Ex. D**).

[16] Id.



Case: 22-03114 Doc# 12 Filed: 02/08/23 Entered: 02/08/23 16:34:28 Page 6 of 20

court has "no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief . . . ."

> "[W]hen a statute authorizes [a] prescribed procedure, and the court acts contrary to the authority thus conferred, it has exceeded its jurisdiction." When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable. That is, its act or judgment is valid until set aside, and a party may be precluded from setting it aside by "principles of estoppel, disfavor of collateral attack or res judicata." Errors which are merely in excess of jurisdiction should be challenged directly, for example by motion to vacate the judgment, or on appeal, and are generally not subject to collateral attack once the judgment is final unless "unusual circumstances were present which prevented an earlier and more appropriate attack."[17]

The Court of Appeals noted that the transferee defendants attacked the Second Amended Judgment on the grounds that its award of "dual remedies" exceeded the trial court's authority under the UVTA; they did not "claim that the trial court lacked personal or subject matter jurisdiction".[18] "If a judgment, no matter how erroneous, is within the jurisdiction of the court, it can be reviewed and corrected by one of the established methods of *direct* attack."[19] The court rejected the transferee defendants' characterization of their appeal as an attempt to correct a "fundamental jurisdictional error. Instead, their untimely assertion is that the trial court erroneously exercised its power. Such a claim does not render the judgment void."[20]

---

[17] Dec. 22, 2020 Decision (Dkt. 9-2 (Thai Decl.), **Ex. D**) (citation omitted).

[18] Id.

[19] Estate of Buck, 29 Cal. App. 4th 1846, 1854 (1994).

[20] Dec. 22, 2020 Decision (Dkt. 9-2 (Thai Decl.), **Ex. D**.

The Court of Appeals did not directly address the merits of the transferee defendants' "dual remedies" attack on the Second Amended Judgment, but it stated:

> [W]e note that the remedies provided in the UVTA include both avoidance of the transfer and judgment for the value of the asset transferred, which may be entered against the transferee. (Civ. Code §§ 3439.07, subd. (a)(1), 3439.08, subd. (b)(1)(A).) The UVTA further provides a creditor may obtain: "Any other relief the circumstances may require." (Civ. Code § 3439.07, subd. (a)(3)(C).) We also note that the [Second Amended Judgment] states the transfer is "set aside to the extent necessary to satisfy plaintiff's Underlying Judgment" and that: "Plaintiff may seize, execute on, or foreclose on any real or personal property of any defendant provided that recover against any defendant shall not exceed the money judgment amount entered above against that specific defendant, and further provided that *plaintiff's aggregate recovery shall not exceed plaintiff's Underlying Judgment* . . . ."
>
> As discussed above, the defendants have provided an inadequate record which precludes any meaningful review. The defendants' argument that the judgment improperly awards a double recovery to Li is not apparent from our reading of the relevant statutes and the [Second Amended Judgment], which expressly provides that the "aggregate recovery shall not exceed plaintiff's Underlying Judgment."[21]

In August 2021, Mr. Li filed new applications in the State Court, asking for orders authorizing the sale of Ms. Yan's dwelling and Mr. Chiu's dwelling in order to satisfy the Second Amended Judgment. The defendants, including Mr. Chiu, opposed these applications, arguing that the value of the dwellings did not justify their sale. They also "rehashed arguments rejected

[21] Dec. 22, 2020 Decision (Dkt. 9-2 (Thai Decl.), **Ex. D**) (italics in original).



Case: 22-03114 Doc# 12 Filed: 02/08/23 Entered: 02/08/23 16:34:28 Page 8 of 20

in their prior appeals, including their contention that the [Second Amended Judgment] was void under the UVTA."[22]

The State Court ordered Mr. Li to obtain an appraisal of the properties, and ordered defendants to pay for that appraisal and to cooperate with that process. The State Court warned that any failure on the part of the defendants to comply with its order would result in Mr. Li's appraisal being deemed the "current valid appraisal for the Court's determination of value" of the properties.[23]

Defendants "did not cooperate with Li's attempt to have the properties appraised, and the court found their failure to cooperate was 'willful, deliberate and intentional.'"[24] In December 2021, the State Court issued sale orders. Defendants appealed.

In its Aug. 1, 2022 Decision, the Court of Appeals rejected all of defendants' arguments, including their contention that the [Second Amended Judgment] was void for granting relief in excess of the UVTA, which the Court of Appeals declared "a rehash of an argument we have twice rejected."[25] The Court of Appeals affirmed the State Court's sale orders.

---

[22] Aug. 1, 2022 Decision (Thai Decl. (Dkt. 9-2), **Ex. E.**)

[23] Id.

[24] Id.

[25] Id.



Case: 22-03114 Doc# 12 Filed: 02/08/23 Entered: 02/08/23 16:34:28 Page 9 of 20

Mr. Chiu filed a petition for relief under Chapter 13 of the Bankruptcy Code[26] on August 10, 2022. On December 19, 2022, he commenced this adversary proceeding.

Mr. Chiu's complaint[27] sets forth a single cause of action, which demands a judgment declaring the Second Amended Judgment "void and unenforceable" on the grounds that the State Court exceeded its jurisdiction under the UVTA in entering the Second Amended Judgment. The complaint contends that the Dec. 22, 2020 Decision has no *res judicata* effect "because the court merely decided that a judgment cannot be void when there is fundamental jurisdiction, i.e., personal and subject matter jurisdiction . . . Since the court did not decide whether the [Second Amended Judgment] was beyond that authorized by the UVTA, there is no estoppel as to this issue." The complaint goes on to engage in lengthy legal argument as to why the State Court exceeded its power under the UVTA in declaring the fraudulent transfers void while at the same time awarding a money judgment. These arguments are identical to those raised by the defendants before the State Court in their motion to set aside and/or modify the Second Amended Judgment and in their state court appeals.

**C. Summary of Arguments**

In his Motion, Mr. Li contends that the Second Amended Judgment is final, and that "[n]othing under the bankruptcy laws

---

[26] Unless otherwise indicated, all statutory citations shall refer to Title 11 of the United States Code (the "Bankruptcy Code"). Similarly, all citations to a "Bankruptcy Rule" shall refer to one of the Federal Rules of Bankruptcy Procedure, and all citations to a "Civil Rule" shall refer to one of the Federal Rules of Civil Procedure.

[27] Dkt. 1.

permits [Mr. Chiu] to enlist the United States Bankruptcy Court to reverse a decision of the California Court of Appeal."[28] According to Mr. Li, Mr. Chiu is precluded from re-litigating his challenge to the Second Amended Judgment in this court under *res judicata* or claim preclusion principles, and has therefore failed to state a claim for relief under Civil Rule 12(b)(6), which applies in this proceeding pursuant to Bankruptcy Rule 7012(b).

The Opposition largely repeats *verbatim* the legal argument set forth in Mr. Chiu's complaint. It also demands that the court enter an order denying the claim Mr. Li has filed in Mr. Chiu's bankruptcy case – relief that is not requested in the complaint.[29]

**D. Analysis**

**1. Rooker-Feldman**

"[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived."[30] "Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."[31] "[W]hen a federal court concludes that it lacks subject-matter

---

[28] Dkt. 9-1.

[29] Because the complaint does not request an order disallowing Mr. Li's claim, the court will not address this demand any further.

[30] U.S. v. Cotton, 535 U.S. 625, 630 (2002).

[31] Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

jurisdiction, the court must dismiss the complaint in its entirety."[32]

The Rooker-Feldman doctrine arises from two cases decided by the Supreme Court of the United States.[33] Rooker "held that when a losing plaintiff in state court brings a suit in federal . . . court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden *de facto* appeal."[34] Feldman instructs that a federal court "dealing with a suit that is, in part, a forbidden *de facto* appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision."[35]

In sum, a federal court lacks subject-matter jurisdiction "to hear a direct appeal from the final judgment of a state court."[36] Only the Supreme Court of the United States has jurisdiction to hear such an appeal.[37]

---

[32] Id.

[33] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

[34] Noel v. Hall, 341 F.3d 1148, 1156 (9th Cir. 2003).

[35] Id. at 1158.

[36] Id. at 1154.

[37] Id.



Case: 22-03114 Doc# 12 Filed: 02/08/23 Entered: 02/08/23 16:34:28 Page 12 of 20

"[I]n practical reality, [the Rooker-Feldman doctrine] only comes into play . . . when a disappointed party seeks to take not a formal direct appeal, but rather its *de facto* equivalent, to a federal court."[38] Rooker-Feldman "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal court] proceedings commenced and inviting [federal court] review and rejection of those judgments."[39] Rooker-Feldman applies even when the relevant judgment is erroneous.[40]

Rooker-Feldman is subject to some narrow exceptions, only one of which speaks to bankruptcy cases and proceedings. Notwithstanding Rooker-Feldman, "bankruptcy courts are empowered to avoid state judgments,[41] to modify them,[42] and to discharge them."[43,44] Mr. Chiu does not base his complaint on any of these sections of the Bankruptcy Code. He contends – as he did repeatedly in the State Court and the state Court of Appeals – that the Second Amended Judgment is void because the State Court exceeded its jurisdiction in avoiding the fraudulent transfers and at the same time awarding a money judgment.

---

[38] Id. at 1155.

[39] Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 281 (2005).

[40] In re Highway Truck Drivers and Helpers, Teamsters Local No. 107, 100 B.R. 209, 216 (Bankr. E.D. Pa. 1989) (citations omitted).

[41] Sections 544, 547, 548, and 549.

[42] Sections 1129 and 1325.

[43] Sections 727, 1141, and 1328.

[44] In re Gruntz, 202 F.3d 1074, 1079 (9th Cir. 2000).


Case: 22-03114 Doc# 12 Filed: 02/08/23 Entered: 02/08/23 16:34:28 Page 13 of 20

Mr. Chiu's complaint asks this court to void the Second Amended Judgment on grounds that the state Court of Appeals repeatedly rejected. It is not appropriate for him to run to this court and ask for a different result.

The state Court of Appeals specifically found that the challenge raised by Mr. Chiu with respect to the Second Amended Judgment was not a legitimate challenge to the State Court's exercise of its jurisdiction, i.e., its power to enter the Second Amended Judgment. Rather, it found Mr. Chiu's challenge aimed at the manner in which the State Court exercised its authority under the UVTA. That distinction meant that the Second Amended Judgment was not void and not subject to collateral attack. And it found that, by failing to raise any argument as to the merits of the State Court's inclusion of two parallel remedies (avoidance of fraudulent transfers and issuance of a monetary award) in his appeal from the original judgment, Mr. Chiu had waived and forfeited any right to make such an argument in his appeal from the order denying his motion to set aside and/or modify the [Second Amended Judgment].

Mr. Chiu asks this court to ignore those conclusions, as well as the fact that the Second Amended Judgment has been final for some time. He demands that this court declare the Second Amended Judgment void for the same reasons the state Court of Appeals rejected. Under Rooker-Feldman, this court is inclined to find that it lacks the subject-matter jurisdiction to do any



Case: 22-03114 Doc# 12 Filed: 02/08/23 Entered: 02/08/23 16:34:28 Page 14 of 20

such thing. If the court lacks subject-matter jurisdiction, it must dismiss.[45]

**2. Res Judicata/Claim Preclusion**

Res Judicata "provides that a final judgment on the merits bars future claims by the same parties based on the same causes of action.[46] "It prohibits the re-litigation of any claims that were raised or could have been raised in a prior action."[47] Application of the doctrine of res judicata relieves litigants "of the cost and vexation of multiple law suits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication."[48]

Claim preclusion applies when there is **(a)** an identity of claims; **(b)** a final judgment on the merits; **and (c)** an identity of parties.[49] The parties do not dispute that the Second Amended Judgment is final or that an identity of parties exists. The court, however, does not believe there is an identity of claims.

An identity of claims depends on whether: **(i)** the two lawsuits arise out of the same transactional nucleus of facts; **(ii)** the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; **(iii)** the two suits involve infringement of the same

---

[45] Civil Rule 12(b)(1) and Bankruptcy Rule 7012(b).

[46] Gallardo v. AT&T Mobility LLC, 937 F. Supp. 2d 1128, 1134 (N.D. Cal. 2013) (citations omitted).

[47] Id.

[48] Id.

[49] Garity v. APWU Nat'l Lab. Org., 828 F.3d 848, 855 (9th Cir. 2016) (citations omitted).



Case: 22-03114 Doc# 12 Filed: 02/08/23 Entered: 02/08/23 16:34:28 Page 15 of 20

right; **and (iv)** substantially the same evidence is presented in the two actions.[50]

The State Court entered the Second Amended Judgment in the Fraudulent Transfer Action. The Fraudulent Transfer Action involved claims that the defendants fraudulently transferred the Property to avoid paying the Negligence Judgment. This action involves a challenge to the Second Amended Judgment on the grounds previously described, none of which would require this court to revisit the jury's findings in the Fraudulent Transfer Action or to evaluate the same evidence received by the jury in the Fraudulent Transfer Action. Accordingly, the court is inclined to conclude that claim preclusion does not apply here.

**3. Collateral Estoppel/Issue Preclusion**

Notwithstanding the likely inapplicability of claim preclusion, the court is inclined to find that the doctrine of issue preclusion, or collateral estoppel, does apply and prevents relitigation of whether the Second Amended Judgment is void for the reasons Mr. Chiu advocates.

"Issue preclusion bars relitigation of issues that have been actually litigated. The doctrine is intended to avoid inconsistent judgments and the related misadventures associated with giving a party a second bite at the apple. Issue preclusion bars relitigation of an issue of fact or issue that: **(1)** is identical to a fact or issue determined in an earlier proceeding; **(2)** was actually decided by a court in an earlier action; **(3)** the issue was necessary to the judgment in the action; **(4)** there was

---

[50] Id. (citations omitted).

a final judgment on the merits; **and (5)** the parties are the same."[51]

The parties do not dispute that there is an identity of parties between this action, the Fraudulent Transfer Action, and the many appeals arising from the Fraudulent Transfer Action. They also do not dispute that the Second Amended Judgment, as well as all of the appellate decisions following it, are now final.

The issue currently before this court is whether the Second Amended Judgment is void. That same issue was actually adjudicated (multiple times): in the State Court when raised by Mr. Chiu's motion to set aside and/or modify the Second Amended Judgment, and in the appeals Mr. Chiu and his co-defendants have taken from the State Court's sale orders and its order denying the motion to set aside and/or modify the Second Amended Judgment. This issue also was necessarily decided because, in order to decide Mr. Chiu's motion to set aside and/or modify the Second Amended Judgment, the State Court needed to decide it. The same is true with respect to the Court of Appeals, which was required to determine whether Second Amended Judgment was void in order to resolve the matters before it.

While Mr. Chiu continues to assert that no court has decided whether the State Court exceeded its authority under the UVTA by avoiding the defendants' many fraudulent transfers and by entering monetary awards, he misses the point. The Court of Appeals has decided – in decisions that are now final – that Mr.

---

[51] In re Lopez, 367 B.R. 99, 104 (B.A.P. 9th Cir. 2007) (citing In re Harmon, 250 F.3d 1240, 1245 (9th Cir. 2001)).



Case: 22-03114 Doc# 12 Filed: 02/08/23 Entered: 02/08/23 16:34:28 Page 17 of 20

Chiu's characterization of that issue as jurisdictional was incorrect. According to the Court of Appeals, Mr. Chiu's arguments pertained to the manner in which the State Court exercised its authority – not whether it had authority to do what it did in the first place. This means the Second Amended Judgment was not void, only voidable, and that it remains valid unless and until set aside, something that cannot be accomplished through a collateral attack.

As the Court of Appeals explained, even if the State Court erred in crafting the Second Amended Judgment, the only appropriate means by which to challenge such an error is through a direct – not collateral – attack. Mr. Chiu failed to raise his "dual remedies" argument in his appeal from the original judgment in the Fraudulent Transfer Action. While Mr. Chiu may disagree with the Court of Appeals' conclusion, its multiple decisions on this issue clearly hold that the Second Amended Judgment is not void and therefore is not subject to collateral attacks such as that he asserts here.

If issue preclusion applies, then Mr. Chiu cannot state a claim on which relief can be granted and dismissal is appropriate.[52]

**4. Dismissal with Prejudice**

If the court dismisses a complaint under Civil Rule 12(b)(6) and Bankruptcy Rule 7012, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the

---

[52] Civil Rule 12(b)(6) and Bankruptcy Rule 7012(b).



Case: 22-03114 Doc# 12 Filed: 02/08/23 Entered: 02/08/23 16:34:28 Page 18 of 20

allegation of other facts."[53] The facts pertinent to this action are undisputed, having been adjudicated by decisions that are final. Accordingly, the court sees no possibility that Mr. Chiu could amend his complaint to assert facts that would render the Second Amended Judgment immune from the doctrine of issue preclusion. Thus, if the court dismisses Mr. Chiu's complaint, it is inclined to do so with prejudice.

**E. Conclusion**

For the reasons set forth above, the court is inclined to **GRANT** the Motion and to **DISMISS WITH PREJUDICE.**

No later than **Wednesday, February 15, 2023 at 12:00 p.m.,** the parties shall advise the court by email to Courtroom Deputy Dan Sondheim (dan_sondheim@canb.uscourts.gov), with a courtesy copy to counsel for the opposing party, whether they accept this Tentative Ruling. If both parties accept this Tentative Ruling, the court will enter an order consistent herewith and will vacate the February 16 hearing. If either party declines to accept this Tentative Ruling, the February 16 hearing on the Motion will proceed. Failure to timely respond to this Tentative Ruling will result in the court deeming the non-responding party unopposed to entry of an order consistent with this Tentative Ruling. Absent prior leave of court, the parties may not file any supplemental pleadings. Any unauthorized pleadings will be stricken.

****END OF TENTATIVE RULING****

---

[53] Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990).

**Court Service List**

Leeds Disston
Casalina & Disston
409 13th Street, 9th Floor
Oakland, CA 94612