Duy Thai, SBN 157345
One Sansome Street, Suite 3500
San Francisco, California 94104
Tel: 415 296-9927
Fax: 415 230-5779

Attorney for Creditor
Charles Li

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE THAI MING CHIU<br>    aka SIMON CHIU<br>    aka SIMON THAI MING CHIU<br><br>                   Debtor.<br><br>-------------------------------------------------<br><br>SIMON THAI MING CHIU<br><br>        v.<br><br>CHARLES LI | AP No.: 22-03114<br>Chapter 13 No.: 22-30405-HLB<br><br>CREDITOR CHARLES LI'S OPPOSITION TO DEBTOR THAI MING CHIU'S (SECOND) MOTION TO RECONSIDER DISMISSAL OF ADVERSARY PROCEEDING<br><br>Date:    June 1, 2023<br>Time:   2:00 p.m.<br>Place:   Remote/Video Conference<br>Honorable Hannah L. Blumenstiel |

       This is Debtor Thai Ming Chiu's second motion for reconsideration of the Court's Order dismissing this adversary proceeding. Debtor presents no intervening change in law or new evidence. He makes no attempt to show why there is manifest injustice in a judgment that he has litigated and that was affirmed multiple times.

       Debtor also fails to show that the Court committed "clear error" when it previously ruled that Creditor Charles Li's judgment against him was void for lack of jurisdiction. There is no way to stop Debtor from endlessly repeating his incantation of "void" and "jurisdiction." However, this issue was settled by the California court of

appeal. It is black letter law that a court has the power to determine its own jurisdiction. More importantly, "an error in that determination will not render the judgment void." *Lubben v. Selective Serv. Sys. Loc. Bd. No. 27*, 453 F.2d 645, 649 (1st Cir. 1972).

The California courts have made the determination. The state's court of appeal has ruled – more than once – that Creditor Li's judgment is not void, i.e., that the rendering court acted fully within its jurisdiction. Thus, the same jurisdictional argument Debtor raises now has been finally determined, and this Court appropriately respected the finality of the state decision under the *Rooker-Feldman* doctrine.

None of the cases Debtor cites involves a state court final determination of its own jurisdiction. In *In re Audre, Inc.*, the "void ab initio" argument was apparently raised for the first time in bankruptcy court, while the state court family law judgment was still on appeal. *In re Audre, Inc.*, 216 B.R. 19 (B.A.P. 9th Cir. 1997). Moreover, *In re Audre, Inc.*, is no longer good law. "We agree that the application of the *Rooker–Feldman* doctrine in *Audre* and *Keenan* is inconsistent with the Supreme Court's recent clarification of the narrow ground occupied by the *Rooker–Feldman* doctrine, as well as our recent jurisprudence in this area." *In re Harbin*, 486 F.3d 510, 519 (9th Cir. 2007). And even *In re Audre, Inc.* cautioned that "in the interest of finality, the concept of void judgments is to be narrowly construed." *In re Audre, Inc.*, 216 B.R. at 29 (*citing James v. Draper (In re James)*, 940 F.2d 46, 52 (3d Cir. 1991)).

*In re Pavelich* refers to a post-petition state court judgment that is "void" because it is in conflict with a bankruptcy discharge, a wholly different situation. Thus, it is actually a case about the supremacy of federal bankruptcy law. *In re Pavelich,* 229 B.R. 777, 783 (B.A.P. 9th Cir. 1999) ("The issuance of the bankruptcy discharge is a matter within exclusive federal jurisdiction."). The passage about void judgments that Debtor cites from *In re James* is dictum, as there was no claim that the challenged state court forfeiture proceeding lacked jurisdiction. *In re James,* 940 F.2d at 52. Indeed, many of the cases that Debtor cites are actually about federalism and concern state court

2
CREDITOR CHARLES LI'S OPPOSITION TO DEBTOR THAI MING CHIU'S (SECOND) MOTION TO RECONSIDER DISMISSAL OF ADVERSARY PROCEEDING
*In Re Thai Ming Chiu*, No. 22-30405-HLB, AP No. 22-03114

Case: 22-03114    Doc# 40    Filed: 05/04/23    Entered: 05/04/23 23:12:36    Page 2 of 5

judgments that conflict with federal law. *Doe v. Mann*, 415 F.3d 1038, 1044 (9th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006) (federal Indian Child Welfare Act confers jurisdiction on federal courts to invalidate certain state court child custody proceedings); *In re Gruntz*, 202 F.3d 1074, 1083 (9th Cir. 2000) ("A bankruptcy court simply does not conduct an improper appellate review of a state court when it enforces an automatic stay that issues from its own federal statutory authority."); *In re Maui Indus. Loan & Fin. Co.*, 454 B.R. 133, 136 (Bankr. D. Haw. 2011) ("The *Rooker–Feldman* doctrine does not apply to avoidance actions under [11 U.S.C.] sections 544 and 548.").

In all the cases above, the federal courts had an independent source of *original* jurisdiction conferred by federal statute, including the bankruptcy code. The district courts were exercising their original jurisdiction to adjudicate supreme federal law and were thus not arrogating appellate review of a state judgment. "[B]ankruptcy courts are the only federal courts to have utilized this [void judgment] exception and have largely only done so where state court judgments were void because they were entered in violation of the automatic stay or the discharge injunction." *In re Marshall*, 636 B.R. 396, 410 (Bankr. E.D. Pa. 2021), *aff'd sub nom. Marshall v. Abdoun*, 2023 WL 2588166 (E.D. Pa. 2023).

In contrast to those situations, Debtor cannot invoke any federal rights or federal law that this Court could apply to overcome Creditor Li's judgment. He is not alleging a violation of discharge or violation of stay. He wants this Court to declare a state judgment void under state law, when a state court has finally ruled on the very issue of voidness. This is the paradigmatic situation of a state court litigant who is dissatisfied with his state court results – and with the state *appellate* court's decision that those results were not void – asking a federal judge to invalidate that decision. This is impermissible appellate jurisdiction.

*In re Razzi*, 533 B.R. 469 (Bankr. E.D. Pa. 2015) is the only case cited by Debtor that involved a bankruptcy court reviewing the merits of a state (default)

3
CREDITOR CHARLES LI'S OPPOSITION TO DEBTOR THAI MING CHIU'S (SECOND) MOTION TO RECONSIDER DISMISSAL OF ADVERSARY PROCEEDING
*In Re Thai Ming Chiu*, No. 22-30405-HLB, AP No. 22-03114

Case: 22-03114    Doc# 40    Filed: 05/04/23    Entered: 05/04/23 23:12:36    Page 3 of 5

judgment that a debtor alleged to have been void in an objection against a proof of claim. The court reasoned that such a debtor is actually defending against a claim and cannot be deemed a state court loser filing a federal complaint to overturn the loss. However, *In re Razzi* has been recognized as an outlier. *In re Marshall*, 636 B.R. at 412 ("[A]s far as this Court can tell, Judge Frank's position has not yet been widely adopted."). As *In re Marshall* cautioned, "to determine [a judgment's] voidness under state law, rather than as a matter of exclusive federal bankruptcy court jurisdiction, as in the substantial majority of cases which have applied a 'voidness exception' to *Rooker Feldman*, invites the exact type of review of state court judgments *Rooker Feldman* was intended to prevent." *Id.* at 411.

    Creditor Li's judgment is simply not void, and Debtor presented no basis for this Court to apply a voidness exception to *Rooker-Feldman*. Creditor's judgment is not even voidable or erroneous. Again, Debtor goes at length into the unpublished opinion of *Bonfield v. Figlieno*, 2008 WL 4060992 (2008), without recognizing the distinction that makes all the difference. In *Bonfield*, the plaintiff had recovered the transferred properties but still proceeded to collect their monetary value against the transferees. That is clearly an impermissible double-recovery. *Renda v. Nevarez*, 223 Cal.App.4th 1231, 1237-38 (2014). That is expressly what Creditor Li's judgment prevents. The factual situation is not similar.

DATED: May 4, 2023

                                                            /s / Duy Thai
                                                             Duy Thai
                                                    Attorney for Creditor
                                                            Charles Li

4
CREDITOR CHARLES LI'S OPPOSITION TO DEBTOR THAI MING CHIU'S (SECOND) MOTION TO RECONSIDER DISMISSAL OF ADVERSARY PROCEEDING
*In Re Thai Ming Chiu*, No. 22-30405-HLB, AP No. 22-03114

Case: 22-03114　　Doc# 40　　Filed: 05/04/23　　Entered: 05/04/23 23:12:36　　Page 4 of 5

# CERTIFICATE OF SERVICE

I declare that I am employed in the City and County of San Francisco, California. My address is One Sansome Street, Suite 3500, San Francisco, California 94104. I am over the age of eighteen years and am not a party to the within-entitled cause of action or proceeding.

Today, I served the attached documents:

CREDITOR CHARLES LI'S OPPOSITION TO DEBTOR THAI MING CHIU'S (SECOND) MOTION TO RECONSIDER DISMISSAL OF ADVERSARY PROCEEDING

by E-MAIL to:

Leeds Disston, Esq. SBN 045016
CASALINA & DISSTON
409 13th Street, 9th Floor
Oakland, CA 94612

casdiss@yahoo.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in San Francisco, California on May 4, 2023.

                                                  /s/ Duy Thai
                                                 Duy Thai

5
CREDITOR CHARLES LI'S OPPOSITION TO DEBTOR THAI MING CHIU'S (SECOND) MOTION TO RECONSIDER DISMISSAL OF ADVERSARY PROCEEDING
*In Re Thai Ming Chiu*, No. 22-30405-HLB, AP No. 22-03114

Case: 22-03114    Doc# 40    Filed: 05/04/23    Entered: 05/04/23 23:12:36    Page 5 of 5